UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES N. WOFFORD, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| vs. | § | CIVIL ACTION NO. 4:10-cv-00776 |
| | § | |
| ALLSTATE TEXAS LLOYD'S, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER OF REMAND

### I.     INTRODUCTION

Before the Court are the plaintiffs', James Wofford and Shannon Wofford (the "plaintiffs"), motion to remand and supporting memorandum (Docket Entry No. 5), the defendant's, Allstate Texas Insurance Company ("Allstate") response (Docket Entry No. 7) and the plaintiffs' reply (Docket Entry No. 9). After having carefully considered the motion, response, reply and the applicable law, the Court is of the opinion that the plaintiffs' motion to remand should be GRANTED. The above-styled and numbered civil action is, therefore, REMANDED, pursuant to 28 U.S.C. § 1447(c), to the 11th Judicial District Court of Harris County, Texas, where it was originally filed and assigned Cause No. 2010-03326.

### II.     FACTUAL BACKGROUND

The plaintiffs, both residents of Harris County, Texas, are the owners of a Texas Homeowners' Insurance Policy (the "Policy") issued by Allstate, insuring certain real property located at 10830 Moonlit Meadows Court, Houston, Harris County, Texas 77064 (the "property"). The policy was in effect at the time Hurricane Ike traveled through Harris County, Texas, causing severe damage to several commercial and residential properties throughout the gulf-coast region, including the plaintiffs' property.

Shortly after the hurricane, the plaintiffs filed a claim under the policy for roof damage, water damage, wind damage, foundation damage and structural damage. They requested that Allstate cover the cost of repairs to the property pursuant to the Policy, plus additional living expenses. Allstate assigned Randy Paul Johnson ("Johnson") to adjust their claim. The plaintiffs contend that Johnson undervalued their damages and refused to pay for damages that were covered under the Policy.

On January 20, 2010, the plaintiffs filed an action in the 11th Judicial District Court of Harris County, Texas, against Allstate and Johnson, (collectively, the "defendants"), alleging that their claim for repairs of the property, occurring as a result of Hurricane Ike, was improperly handled and wrongfully denied. Specifically, they allege causes of action against the defendants jointly for common law fraud and conspiracy to commit fraud. As to Johnson individually, they allege causes of action for unfair settlement practices under § § 541.060(1), 541.060(2)A, 541.060(3), 541.060(4) and 541.060(7) of the Texas Insurance Code. As to Allstate only, they allege causes of action for breach of contract, unfair settlement practices under § 541.060 of the Texas Insurance Code, breach of the prompt payment provisions of the Texas Insurance Code, § 542.051 *et seq.*, and breach of the duty of good faith and fair dealing.

On March 9, 2010, the defendants, pursuant to 28 U.S.C. § 1446(a), removed the instant action to this Court on the basis of diversity jurisdiction, asserting that Johnson, a non-diverse defendant, had been fraudulently joined as a defendant in this action. The plaintiffs, in response on April 8, 2010, filed the instant motion to remand, alleging that removal of this case was improper in that Johnson was not fraudulently joined as a defendant in this action and complete diversity of citizenship is non-existent among the parties. Accordingly, the plaintiffs urge this Court to remand the instant action to the state court in which it was originally filed.

### III.   CONTENTIONS OF THE PARTIES

#### A.   The Plaintiffs' Contentions

The plaintiffs assert that removal of this case is improper because Allstate's removal is procedurally defective and the Court lacks subject matter jurisdiction over this action. They contend that Allstate's removal is procedurally defective because Johnson, although properly served, failed to consent to Allstate's removal. They argue that even if Allstate's removal is not considered procedurally defective, the Court lacks subject matter jurisdiction over this action because complete diversity of citizenship does not exist among the parties. They maintain that Johnson, a Texas resident, is a properly joined defendant in this case because the facts alleged against him are sufficient to state a viable claim against him. They further argue that Allstate's contention that Johnson was added to this lawsuit solely for the purpose of depriving this Court of federal jurisdiction is without merit. Accordingly, they assert that Allstate has failed to meet its burden and this case should be remanded to the state court in which it was originally filed. The plaintiffs also seek to recover their costs, expenses and attorney's fees accrued in connection with their motion to remand.

#### B.   Allstate's Contentions

Allstate argues that removal of the instant action to federal court was proper because Johnson's consent to removal was not required in that he is alleged to have been fraudulently joined. Allstate also maintains that there is no reasonable basis for predicting that the plaintiffs can recover against Johnson given the lack of specific facts giving rise to and supporting their causes of action against him. Allstate further avers that the plaintiffs' factual allegations against Johnson are insufficient to state a valid claim against him. Specifically, with respect to the plaintiffs' causes of action under the Texas Insurance Code, Allstate contends that their

allegations are conclusory and constitute nothing more than a verbatim recitation of the statutory language contained in the Texas Insurance Code. As to the plaintiffs' causes of action for fraud and misrepresentation, Allstate contends that the plaintiffs have failed to plead their claims with sufficient particularity. Consequently, Allstate argues that Johnson has been fraudulently joined in this lawsuit for the sole purpose of defeating diversity and depriving this Court of subject matter jurisdiction. Thus, Allstate contends that this Court should disregard Johnson's citizenship for purposes of determining diversity jurisdiction and deny the plaintiffs' motion to remand.

### IV. STANDARD OF REVIEW

The applicable statute provides two grounds for remand: (1) a defect in removal procedure; and (2) lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Things Remembered, Inc. v. Petarca*, 516 U.S. 124, 127 - 28, 116 S. Ct. 494, 133 L. Ed.2d 461 (1995). A remand for lack of subject matter jurisdiction is permissible at any time before final judgment, with or without a motion. 28 U.S.C. § 1447(c). Here, the essential inquiry is whether removal of the state court action on the basis of diversity of citizenship was proper in light of the facts presented.

Pursuant to 28 U.S.C. § 1441(a), a defendant is permitted to remove an action from a state court to a federal court only if the action is one over which the federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a). The federal diversity jurisdiction statute provides that federal courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000, exclusive of costs and interest, and diversity of citizenship exists. *See* 28 U.S.C. § 1332(a). "It is well-established that the diversity statute requires 'complete diversity' of citizenship: A district court generally cannot exercise diversity jurisdiction if one of the

plaintiffs shares the same state citizenship as any one of the defendants." *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citing *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992)).  In analyzing whether diversity jurisdiction exists, however, a court may disregard the citizenship of parties that have been improperly joined. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 - 73 (5th Cir. 2004) (en banc) *cert. denied*, 544 U.S. 992, 125 S. Ct. 1825, 161 L.Ed.2d 755 (2005).  Nevertheless, the burden of establishing fraudulent or improper joinder rests on the party asserting it and is indeed a heavy burden. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003).

In order to establish fraudulent or improper joinder of a party, the defendant must demonstrate either:  "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood*, 385 F.3d at 573.  In this case, the parties do not dispute that Johnson is a Texas resident, thus the Court's analysis will focus only on the second prong of this test.  Under the second prong, the Court is required to determine "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* (citing *Irby*, 326 F.3d at 647 – 48).  "Since the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Smallwood*, 385 F.3d at 573.

In assessing whether a defendant has been improperly joined, the court "must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 -

309 (5th Cir. 2005) (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)). It must also "resolve all ambiguities in the controlling state law in the plaintiff's favor." *Guillory*, 434 F.3d at 308 (internal citations omitted). In this regard, the court is not required to "determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff might do so." *Id.* at 309 (internal citations omitted).

When determining the possibility of recovery under state law, the court is permitted to conduct "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573 (internal citations omitted). "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.*; *Guillory*, 434 F.3d at 309. In cases "in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Smallwood*, 385 F.3d at 573 (citing *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 389 n.10 (5th Cir. 2000); *accord Guillory*, 434 F.3d at 309. This summary inquiry "is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood*, 385 F.3d at 573 – 74 (citing *Irby*, 326 F.3d at 648 – 49). The Fifth Circuit, nevertheless, has cautioned "district courts against "pretrying a case to determine removal jurisdiction." *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995) (internal citation omitted).

### V.   ANALYSIS AND DISCUSSION

#### A.   Whether Allstate's Removal Is Procedurally Defective?

As an initial matter, the plaintiffs' attack the validity of Allstate's removal on two grounds. First, they contend that Allstate's removal of this action from state court was procedurally defective in that Allstate neglected to obtain Johnson's consent prior to removal, despite the fact that Johnson had been properly served as a defendant in this action. In contrast, Allstate argues that Fifth Circuit case law mandates no such requirement. Rather, it contends that the prevailing law in this circuit provides that where a party is alleged to have been improperly or fraudulently joined in a case, its consent is not required to effect removal. *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). This Court agrees.

In *Jerigan*, for instance, the Fifth Circuit held that although removal generally requires the consent of all defendants in an action, "in cases involving alleged improper or fraudulent joinder of parties, . . . application of this requirement to improperly or fraudulently joined parties would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists." *Id.*; *see also Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007). Thus, Allstate's failure to obtain Johnson's consent in this instance is not fatal and does not render its notice of removal defective.

#### B.   Where Johnson Has Been Fraudulently or Improperly Joined?

Next, the plaintiffs argue that remand in this case is appropriate because complete diversity of citizenship is non-existent among the parties. The parties do not dispute that the amount in controversy has been satisfied or that the plaintiffs and Johnson are Texas residents. Thus, absent a showing that Johnson was fraudulently or improperly joined, subject matter jurisdiction in this case is lacking. *Smallwood*, 385 F.3d at 572 – 73; *see also Guillory*, 434 F.3d

at 307 - 08.  Accordingly, here, the fraudulent joinder issue turns on whether the plaintiffs can establish *any potentially* viable state-law cause of action against Johnson.

In this case, Allstate does not contest that it is possible to maintain a claim under Chapter 541 of the Texas Insurance Code against an adjuster in his individual capacity.  *See*, *e. g., Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998); *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 283 (5th Cir. 2007); *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 544 n.9 (5th Cir. 2004); *Blanchard v. State Farm Llovds*, 206 F. Supp.2d 840, 845 (S.D. Tex. 2001) (citing *Griggs v. State Farm Lloyds,* 181 F.3d 694, 700 (5th Cir. 1999)).  It contends, however, that the plaintiffs have failed to offer any specific facts in support of their claims against Johnson and have failed to make the required "factual fit" between their asserted theories of recovery and their allegations.  As a consequence, it argues that there is no reasonable possibility of recovery against Johnson based on the facts alleged by the plaintiffs in their petition.  This Court disagrees.

The Fifth Circuit, in *Smallwood*, sanctioned a Rule 12(b)(6)-type assessment as the preferred method for determining a plaintiff's possibility of recovery under state law.  *Smallwood*, 385 F.3d at 573.  Under this type of inquiry, a petition "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 – 65, 167 L. Ed.2d 929 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986)).  "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true . . . ."  *Id.* (internal citations omitted).

Having found that insurance adjusters are generally subject to liability under the Texas Insurance Code, the Court must now determine whether Johnson, was a "person" engaged in the

insurance business with respect to the plaintiffs' claims against him.  *See Garrison Contractors*, 966 S.W.2d at 487 (reasoning that "section 16 of Article 21.21[1] provides a cause of action against insurance company employees whose job duties call for them to engage in the business of insurance."); *Vargas v. State Farm Lloyds*, 216 F. Supp.2d 643, 648 (S.D. Tex. 2002) (noting that "[a]lthough the duties of an insurance adjuster are starkly different from those of an insurance agent, an insurance adjuster nevertheless engages in the business of insurance by investigating, processing, evaluating, approving, and denying claims.")  In this case, it is undisputed that Johnson adjusted the plaintiffs' claim on Allstate's behalf.  As Allstate's adjuster, Johnson was tasked with the responsibility of evaluating the plaintiffs' claim in terms of legitimacy and value.  Accordingly, Johnson is a "person" subject to liability under the Chapter 541 of the Texas Insurance Code since claims adjusters qualify as "persons" engaged in the business of insurance.  *See Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 283 (5th Cir. 2007)

Next, the Court must determine whether the plaintiffs have alleged *any potentially* viable cause of action against Johnson as a result of his work as an adjuster on their claim.  The Fifth Circuit has explained, however, that to establish a reasonable possibility that a Texas state court would permit recovery against an employee-adjuster for claims alleged under the Texas Insurance Code, the plaintiffs must demonstrate that the employee, *himself*, committed the violation that caused the harm.  *Hornbuckle*, 385 F.3d at 545.  Particularly, in their Original

---

[1] "Section 3 of Article 21.21 prohibits any person from engaging in deceptive trade practices in the insurance business, and section 16 provides a private cause of action against a person that engages in an act or practice declared in section 4 of the article to be unfair or deceptive." *Garrison Contractors*, 966 S.W.2d at 484 (citing TEX. INS. CODE art. 21.21 § 16(a)). Article 21.21 has since been repealed. The pertinent parts of § 16 are currently codified at § 541.060 of the TEX. INS. CODE.

Petition, the plaintiffs allege that Johnson, as claims adjuster, committed the following unfair settlement practices in violation of § 541.060 of the TEX. INS. CODE:

> 18. misrepresented to [them] that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. . . .;
>
> 19. failed to make an attempt to settle Plaintiffs' claim in a fair manner, [despite being] aware of their liability to Plaintiffs under the Policy;
>
> 20. failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement. . . . failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. . . . did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy . . . . ;
>
> 21. failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection regarding the full and entire claim in writing . . . .; and
>
> 22. refused to fully compensate Plaintiffs under the terms of the Policy, even though [the defendants] failed to conduct a reasonable investigation. Specifically, . . . Johnson performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' losses on the Property. . . .;

(Docket Entry No. 5, Ex. D at ¶ ¶ 18 – 22.) With regard to their claim for fraud, the plaintiffs allege that Allstate and Johnson "knowingly or recklessly made false representations, . . . , as to material facts and/or knowingly concealed all of part of material information from [them]." *Id.* at ¶ 27. Finally, the plaintiffs aver that their "damages are a direct result of Defendants Allstate's and Johnson's mishandling of [their] claim." *Id.* at ¶ 58.

In sum, the plaintiffs allege in their petition that: (1) their property was damaged as a result of Hurricane Ike; (2) their property was insured at all material times hereto under a Policy issued by Allstate; (3) Allstate assigned Johnson to adjust their claim and inspect their property; and (4) Johnson allegedly mishandled their claim, by *inter alia*, failing to fulfill his duties in the

manner prescribed by the Texas Insurance Code, including misrepresenting the extent of the Policy's coverage, failing to attempt a fair settlement, failing to explain Allstate's reasons for offering an inadequate settlement and/or denying payment. Based on these allegations, the plaintiffs allege that Johnson's conduct amounts to violations of the Texas Insurance Code for which he can be held personally liable.

When resolving all factual disputes and ambiguities in the plaintiffs' favor as this Court is required to do, the Court determines that the plaintiffs' assertions tend to suggest that Johnson, while acting as a "person" engaged in the business of insurance, performed and/or contributed in some way to Allstate's investigation and/or decision relative to their claim. Assuming such, Johnson could *potentially* be held personally liable to the plaintiffs under § 541.060 of the Texas Insurance Code.[2] Indeed, while the facts presented do not indisputably establish that Texas law will impose liability on Johnson for the causes of action alleged, the plaintiffs are not required to make such a showing at this stage of the litigation. Instead, it is Allstate's heavy burden to establish with certainty that the plaintiffs have *no reasonable possibility* of recovery against Johnson individually. Allstate has provided this Court with no such evidence from which it could forecast that the plaintiffs have no reasonable possibility of recovery against Johnson in state court. For these reasons, the Court finds that Allstate has not satisfied its burden of establishing that Johnson was fraudulently joined in this lawsuit and remand is, therefore, warranted.

---

[2] Since the Court finds that a possibility exists that the plaintiffs may be able to maintain a cause of action against Johnson under the Texas Insurance Code, it does not consider whether the plaintiffs have alleged actionable facts against Johnson for fraud and/or misrepresentation.

### C. Whether the Plaintiffs Are Entitled to Recover Attorneys' Fees?

Further, the plaintiffs seek "the payment of costs, expenses and attorneys' fees incurred as a result of [Allstate's] improper removal," pursuant to 28 U.S.C. § 1447(c). They contend that "[Allstate's] removal was not meritorious given the law at the time, therefore, the Court should assess attorney's fees. It is well-settled in the Fifth Circuit, however, that "[t]here is no automatic entitlement to an award of attorney's fees." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). "Indeed, the clear language of the statute makes such an award discretionary." *Id.* Specifically, § 1447(c) provides, in relevant part, as follows: "[a]n order remanding the case *may* require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c) (emphasis added). "Although from time to time factual situations may arise in which the district court is required to award attorney's fees, the mere determination that removal was improper is not one of them." *Valdes*, 199 F.3d at 292.

More recently, in *Martin v. Franklin Capital Corp.*, the United States Supreme Court held that "the standard for awarding fees should turn on the reasonableness of the removal" and "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin*, 546 U.S. 132, 141, 126 S. Ct. 704, 711, 163 L. Ed.2d 547 (2005); *accord Admiral Ins. Co. v. Abshire*, 574 F.3d 267, 280 (5th Cir. 2009). The Court further noted that there is no strong presumption for or against granting such fee awards. *Martin*, 546 U.S. at 140, 126 S. Ct. 704.

Here, the plaintiffs allege that in light of *Smallwood*, Allstate's removal of the instant action was not meritorious given the law and therefore, the Court should assess attorney's fees against it. This Court does not agree. Although Allstate's grounds for removal were ultimately

unsuccessful, given the highly fact-specific nature of the issues presented as well as the number of non-binding cases in which district courts have denied remand when faced with similar facts, this Court cannot say that Allstate lacked an objectively reasonable basis for removing the instant action. Therefore, the plaintiffs' request for costs, expenses and attorneys' fees under § 1447(c) is DENIED.

## VI.   CONCLUSION

Because Allstate has not shown that there exists *no reasonable possibility* that the plaintiffs could establish a cause of action against Johnson under the Texas Insurance Code, the Court concludes that it has not met its heavy burden of demonstrating fraudulent joinder on the facts alleged in this case. In light of the foregoing, the shared citizenship of Johnson and the plaintiffs defeats diversity and prevents this Court from exercising jurisdiction over the instant action. Accordingly, the plaintiffs' motion to remand is GRANTED, except to the extent that the plaintiffs seek costs, expenses and attorneys' fees. This civil action is hereby remanded, pursuant to 28 U.S.C. § 1447(c), to the 11th Judicial District Court of Harris County, Texas, where it was originally filed and assigned Cause No. 2010-03326.

It is so **ORDERED**.

SIGNED at Houston, Texas this 9th day of June, 2010.

_____
Kenneth M. Hoyt
United States District Judge